UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RICHARD P. SAVITT,

            Plaintiff,

-against-

JUDGE DEBRA ROSE SAMUELS; JUDGE
CAROL SHARPE,

           Defendants.

25-CV-1159 (LLS)

ORDER OF DISMISSAL

---

LOUIS L. STANTON, United States District Judge:

    Plaintiff, who is appearing *pro se*, brings this action under 42 U.S.C. § 1983, alleging that Defendants violated his federal constitutional rights. He sues Judge Debra Rose Samuels of the Civil Court of the City of New York, New York County, and Judge Carol Sharpe of the New York State Supreme Court, New York County. By order dated February 25, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. The Court dismisses this action for the reasons set forth below.

**STANDARD OF REVIEW**

    The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

    While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.[1]

## BACKGROUND

The following facts are drawn from the complaint.[2] In 2011, a local store sold Plaintiff what he was told was a "new" iPhone, but which turned out to be a refurbished iPhone. (ECF 1, at 5.) Plaintiff demanded a refund when the phone "began falling apart," but the store refused to refund Plaintiff's money. (*Id.*) On February 24, 2011, Plaintiff filed a lawsuit in state court, and on March 9, 2011, the store owner "filed a grievance against [Plaintiff] on the advice of his legal counsel, Garrett Elias." (*Id.* at 6.) Plaintiff alleges that, in the course of the proceedings in that state court matter,

> Both Judge Samuels and Sharpe claimed that I filed a grievance against Elias in March 2011. Both Judge Samuels and Sharpe claimed that i filed suit AFTER a full or partial credit for $321.18 was issued to me or my bank account on or before my filing on February 24, 2011. Both Judge Samuel[s] and Sharpe[] claimed that i purchased a refurbished i-phone with SIM Card and that they have signed credit card receipts to provide same. Both Judge Samuels and Sharpe claimed that there was court orders written/issued for hearings on May 27 and/or May 12, 2012, that i refused to attend (they have refused to provide copies of these court orders). Both Judge Samuels and Sharpe, claim that when i refused to attend court order hearings on May 27 and/or May 29 that. . . .[3] (*Id.*)

---

[1] Plaintiff alleges that, as a result of Defendants' actions, he lost his "law license." (ECF 1, at 6.) If Plaintiff is a lawyer, even a disbarred lawyer, he is not entitled to the special solicitude granted to *pro se* litigants. *See Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010) ("[A] lawyer representing himself ordinarily receives no such solicitude at all.").

[2] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

[3] The last line of this paragraph is crossed out in the complaint.

Plaintiff further alleges that Defendants held impermissible "ex-parte meetings/hearings," dismissed Plaintiff's case when he failed to appear for scheduled proceedings that Plaintiff alleges never occurred, and "lied" about Plaintiff being issued credit prior to filing his suit. (*Id.* at 7.) Plaintiff also disputes sanctions or, possibly, attorney's fees that were imposed on him in the course of the proceedings.

Plaintiff asserts that Defendants caused him to lose his reputation, his law license, and his "entire life/career/family." (*Id.* at 6.)

Plaintiff seeks $10,000,000 and an order "vacating all orders made by Judge Samuels and Judge Sharpe in each and every matter that they ruled on in cases [I] was involved." (*Id.*)

## DISCUSSION

### A.    Claims for damages

Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id.* (citations omitted). This is because, "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994).

Judicial immunity does not apply when the judge takes action "outside" her judicial capacity, or when the judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles,* 502 U.S. at 9-10; *see also Bliven*, 579 F.3d at 209-10 (describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978).

3

Plaintiff fails to allege any facts showing that Judge Samuels and Judge Sharpe acted beyond the scope of their judicial responsibilities or outside their jurisdiction. *See Mireles*, 509 U.S. at 11-12. Because Plaintiff sues these judges for "acts arising out of, or related to, individual cases before [them]," they are immune from suit for such claims. *Bliven*, 579 F.3d at 210. The Court therefore dismisses Plaintiff's claims for money damages against Judge Samuels and Judge Sharpe because they seek monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(B)(iii), and, consequently, as frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). *See Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the in forma pauperis statute].").

**B.    Review of state court judgments**

Plaintiff asks this Court to "vacat[e] all orders" made by Judges Samuels and Sharpe in the proceedings over which they presided. (ECF 1, at 6.) The remedy for an alleged error in a state court decision generally is an appeal to a higher state court. Lower federal courts, like this Court, cannot hear appeals from state court decisions. *See Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014) ("[F]ederal district courts lack jurisdiction over cases that essentially amount to appeals of state court judgments."); *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 84 (2d Cir. 2005) (same). The only federal court vested with "appellate jurisdiction to reverse or modify a state-court judgment" is the United States Supreme Court, which has discretion to grant a petition for a writ of *certiorari* to hear an appeal from a decision of the highest state court. *Exxon Mobil Corp. v. Saudi Basic Indus.*, 544 U.S. 280, 283 (2005).

To the extent that Plaintiff challenges a final judgment in his state court actions, his claims are barred under the *Rooker-Feldman* doctrine. The doctrine – created by two Supreme

4

Court cases, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983) – precludes federal district courts from reviewing final judgments of the state courts. *Exxon Mobil Corp.*, 544 U.S. at 284 (holding that federal district courts are barred from deciding cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."). The *Rooker-Feldman* doctrine applies where the federal-court plaintiff: (1) lost in state court, (2) complains of injuries caused by the state-court judgment, (3) invites the district court to review and reject the state court judgment, and (4) commenced the district court proceedings after the state-court judgment was rendered. *Vossbrinck*, 773 F.3d at 426; *cf. Hunter v. McMahon*, 75 F.4th 62, 70-71 (2d Cir. 2023) (holding that state proceedings are insufficiently final to trigger the *Rooker-Feldman* doctrine when a state court appeal remains pending).

Here, Plaintiff alleges that Judges Samuels and Sharpe "lied" (ECF 1, at 7), made "false statements" (*id.* at 6), and violated his rights during state court proceedings over which they presided, and he asks this Court to "vacat[e] all orders" made by Defendants (*id.*). Assuming that judgment has entered in Plaintiff's state court proceedings, and there is no ongoing state court appeal, Plaintiff seeks to overturn one or more state court judgments. Such a claim essentially amounts to an appeal of a state court judgment, which the Court must dismiss for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

C.      **Claims for injunctive relief**

Even if judgment has not entered in Plaintiff's state court proceeding, therefore not triggering the *Rooker-Feldman* doctrine, Plaintiff's Section 1983 claim against Judges Samuels and Sharpe for injunctive relief must nevertheless be dismissed. Although "judicial immunity does not bar a claim for prospective injunctive and declaratory relief," *Shtrauch v. Dowd*, 651 F.

5

App'x 72, 73 (2d Cir. 2016), a court's ability to award injunctive relief against a judicial officer under Section 1983 is strictly limited. As amended in 1996, Section 1983 provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

Plaintiff is not entitled to injunctive relief in this action against Judges Samuels and Sharpe because Plaintiff has "allege[d] neither the violation of a declaratory decree, nor the unavailability of declaratory relief," despite being entitled to such relief. *Montero v. Travis*, 171 F.3d 757, 761 (2d Cir. 1999). "[D]eclaratory relief against a judge for actions taken within his or her judicial capacity is ordinarily available by appealing the judge's order." *Davis v. Campbell*, No. 3:13-CV-0693, 2014 WL 234722, at *9 (N.D.N.Y. Jan. 22, 2014)); *see Brik v. Brodie*, No. 23-CV-4330, 2023 WL 4373557, at *1 (E.D.N.Y. July 6, 2023) (dismissing plaintiff's claims for injunctive relief against judge, *inter alia*, because plaintiff "does not seek to remedy a harm that is truly prospective, [and plaintiff] does show any entitlement to declaratory relief" based on the judge's past conduct). The Court therefore dismisses Plaintiff's claim for injunctive relief based on Defendants' actions in his state court proceedings for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**D.    State law claims**

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its

6

supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

### E.     Leave to amend is denied

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed under 28 U.S.C. § 1915(e)(2)(B)(i)-(iii), and for lack of subject matter jurisdiction, Fed. R. Civ. P. 12(h)(3).

The Court declines to exercise supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See* 28 U.S.C. § 1367(c)(3).

The Court directs the Clerk of Court to enter judgment in this action.

SO ORDERED.

Dated:   May 21, 2025
         New York, New York

                                        _____
                                        Louis L. Stanton
                                        U.S.D.J.